UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10519-DPW

PRADA S.A.

    Plaintiff,

v.                                        Case No.: 04 10519 DPW

Odimo, Inc., Ashford.com, Inc. and
Alan Lipton,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2), AND/OR TO TRANSFER PURSUANT TO 28 U.S.C. § 1404 (a) AND SUPPORTING MEMORANDUM OF LAW**

Defendants Odimo Incorporated ("Odimo"), Ashford.com, Inc. ("Ashford.com")[1] and Alan Lipton bring this motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), and/or to transfer under 28 U.S.C. § 1404 (a).

For the reasons set forth in this memorandum, Defendants respectfully request that their motion to dismiss be granted. In addition, Defendants respectfully request that the Court transfer any claims remaining in this case following the Court's resolution of the Defendants' motion to dismiss to the Southern District of Florida.

    **I.**     **This Court Has No Personal Jurisdiction over Alan Lipton or Odimo Incorporated Under Either the Massachusetts Long-Arm Statute or the United States Constitution.**

        A.     Personal Jurisdiction over Alan Lipton

Alan Lipton, in his individual capacity, is not subject to personal jurisdiction under the Massachusetts long-arm statute or the United States Constitution.

---

[1] The Complaint incorrectly identifies Odimo Incorporated as "Odimo, Inc." and incorrectly identifies both Odimo Incorporated and Ashford.com, Inc. as Florida corporations. They are Delaware corporations.

Prada S.A. ("Prada") alleges personal jurisdiction over Mr. Lipton under subsections (a) and (b) of the long-arm statute, conferring jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from . . . (a) transacting any business in this commonwealth [and] (b) contracting to supply services or things in this commonwealth." M.G.L.A. 223A § 3. Mr. Lipton, in his individual capacity, does neither.

Alan Lipton is a resident of Florida. See Declaration of Alan Lipton ("Lipton Declaration"), ¶ 2, attached hereto as Exhibit A. See Lipton Declaration, ¶ 4  He does not have any bank accounts or securities in Massachusetts. See Lipton Declaration, ¶ 5. He does not have a place of business in Massachusetts. See Lipton Declaration, ¶ 3. He does not own or lease property in Massachusetts. He does not have any employees or agents residing in Massachusetts. See Lipton Declaration, ¶ 6. Mr. Lipton's sole relationship to this case is as President and CEO of Defendants Odimo Incorporated and Ashford.com, Inc. – both of which are Delaware corporations located in Sunrise Florida. See Lipton Declaration, ¶ ¶ 8-9. However, Mr. Lipton did not have personal specific involvement in the decision to sell the allegedly infringing items in Massachusetts. See Lipton Declaration, ¶ 24. He does not personally operate the ashford.com website, the primary basis for the plaintiff's assertion of jurisdiction over Ashford.com. See Lipton Declaration, ¶ 25. He does not personally transact business in Massachusetts related to sales of the allegedly infringing items in Massachusetts, nor does he personally engage in continuous and systematic activity within Massachusetts. See Lipton Declaration, ¶ 26. Under these circumstances, there simply is no basis for

the exercise of personal jurisdiction over Alan Lipton individually under the Massachusetts long-arm statute.

Further, the general rule in Massachusetts is that jurisdiction over the individual officers of a corporation, pursuant to the Massachusetts long-arm statute, may not be based merely on jurisdiction over the corporation. <u>Cruz v. Ortho Pharmaceutical Corp. et al.</u>, 619 F.2d 902, 906 (1st Cir. 1980) (affirming dismissal of corporate defendants and stating that "[t]he general rule is that jurisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation") (citations omitted)[2]; ); <u>LaVallee v. Parrot-Ice Drink Prods. Of Am.</u>, 193 F.Supp.2d 296, 300 (D. Mass. 2002); <u>Kolikof v. Samuelson</u>, 488 F. Supp. 881, 884 (D. Mass. 1980) (holding that corporation's president's three official visits and infrequent telephone calls into Massachusetts in his official capacity were insufficient basis for long-arm jurisdiction); <u>Chase-Walton Elastomers, Inc. v. Sandford Bennett & Others</u>, 2002 WL 31235508 (Mass. Super. 2002) (internal citations omitted). Rather, at a minimum, the individual defendant must personally have transacted business within the forum either in his individual capacity or on behalf of the corporation. <u>Interface Group-Massachusetts, LLC v. Rosen</u>, 256 F. Supp.2d 103, 105 (D. Mass. 2003). Prada has not and cannot make such a showing.

---

[2] The <u>Cruz</u> court affirmed a dismissal for lack of personal jurisdiction under Puerto Rico's long-arm statute where the plaintiff sued the parent corporation and several directors and officers of a Puerto Rican subsisidary for negligence at the subsidiary's pharmaceutical plant in Puerto Rico. The First Circuit analyzed the pertinent portion of Puerto Rico's long-arm statute, P.R. Laws Ann. tit. 32, App. II R. 4.7, which is similar to Section 3(a) of Massachusetts' long-arm statute, M.G.L.A. 223A § 3. Specifically, the Puerto Rico statute allows for the exercise of personal jurisdiction over a person who "carries out business transactions within Puerto Rico." The Massachusetts statute allows for personal jurisdiction over a person who "transact[s] any business in this commonwealth."

There is also no *constitutional* basis to assert personal jurisdiction over Alan Lipton in his individual capacity.  As an initial matter, Prada has alleged no facts from which one could conclude that Mr. Lipton "has maintained a continuous and systematic linkage," <u>Phillips Exeter Acad. V. Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 288 (1st Cir. 1999), with Massachusetts so as to bring himself within the general jurisdiction of courts in the Commonwealth.

There is likewise no basis for the exercise of specific jurisdiction over Mr. Lipton. The First Circuit implements a three-part analysis to determine if sufficient contacts exist to constitutionally exert specific personal jurisdiction.  <u>See</u> <u>id.</u>  First, the court must consider whether the claim underlying the litigation directly relates to or arises out of the defendant's contacts with the forum.  <u>Id.</u>  Second, the defendant's in-state contacts must constitute purposeful availment of the benefits and protections afforded by the forum's laws, making the defendant's involuntary presence before the state's courts reasonably foreseeable.  <u>Id.</u>  And third, if the first two hurdles are cleared, a court must analyze the overall reasonableness of exercising jurisdiction in light of a number of "Gestalt" factors.  <u>Id.</u>

This case should be dismissed based on failure to satisfy the first prong of the test alone.  The alleged acts of infringement do not arise out of any specific contacts between Mr. Lipton and the Commonwealth because Mr. Lipton's alleged actions concerning the advertising, distribution, offering for sale, and sale of the disputed items took place, if at all, in Florida.  The harm allegedly suffered by Prada in Massachusetts, if any, appears merely to be the in-forum effect of Alan Lipton's extra-forum activities. "Such in-forum effects of extra-forum activities are not sufficient to satisfy the

constitutional requirement of minimum contacts." Interface Group-Massachusetts, LLC, 256 F. Supp.2d at 108-109 (granting defendant's motion to dismiss for lack of personal jurisdiction on allegations indicating substantially more contact with Massachusetts than is the case here).

As for the second prong of the test, this case is similar to Kolikof, *supra,* where a corporate president tape-recorded two telephone calls from Pennsylvania without the knowledge of the conversant in Massachusetts. Even when such conduct was sufficient to allege a cause of action for violation of the Massachusetts Interception of Wire and Oral Communications Act, the Kolikof Court held that exercising personal jurisdiction over the corporate president in his individual capacity would not satisfy the "minimum contacts" test or "comport with traditional notions of fair play and substantial justice" under International Shoe v. Washington, 326 U.S. 310 (Sup. Ct. 1945). The same is true here.

Because Prada has not cleared the first two hurdles necessary to exercise specific jurisdiction over Mr. Lipton under the United States Constitutions, the Gestalt (or "reasonableness") factors need not be considered, and the Court should dismiss the claims against Mr. Lipton.

### B. Personal Jurisdiction over Odimo Incorporated

Odimo Incorporated is also not subject to personal jurisdiction under the Massachusetts long-arm statute or the United States Constitution.

Odimo is a Delaware corporation located in Sunrise, Florida. See Lipton Declaration, ¶ 9. Odimo does not own or lease any property in Massachusetts. See Lipton Declaration, ¶ 10. Odimo does not own bank accounts or securities in

Massachusetts.  See Lipton Declaration, ¶ 11.  Odimo does not have any employees or agents in Massachusetts.  See Lipton Declaration, ¶ 12.  Odimo does not have a telephone number or post office address in Massachusetts.  See Lipton Declaration, ¶ 13.  Odimo does not directly sell any products to any companies or individuals located in Massachusetts, or elsewhere.  See Lipton Declaration, ¶ 16.  Odimo does not have an Internet presence in Massachusetts.  See Lipton Declaration, ¶ 17.  Odimo does not have any suppliers located in Massachusetts.  See Lipton Declaration, ¶ 18.  All of Odimo's officers and directors are located in the vicinity of Sunrise, Florida.  See Lipton Declaration, ¶ 19.  Odimo does not store or maintain any inventory outside of Florida.  See Lipton Declaration, ¶ 20.  Odimo's records relating to the purchases, sales, distribution, selection, and chain of custody of the allegedly infringing items are located in and around Sunrise, Florida, and not in Massachusetts.  See Lipton Declaration, ¶ 21.  Odimo's witnesses most knowledgeable about the purchases, sales, distribution, selection, and chain of custody of the allegedly infringing items are located in and around Sunrise, Florida, and not in Massachusetts.  See Lipton Declaration, ¶ 22.  Odimo and Ashford maintain separate records, budgets, and work forces.  See Lipton Declaration, ¶ 23.

Under these circumstances, there can be no personal jurisdiction over Odimo Incorporated under the Massachusetts long-arm statute.  The First Circuit has held that "the mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary."  Cruz, 619 F.2d at 905.  Similarly, in Giuliano and Patricia Lett v. Nations Title, Inc., 938 F. Supp. 78 (D. Mass. 1996), the District Court reasoned that a parent

company with "very slim" direct connections with Massachusetts was not subject to personal jurisdiction in Massachusetts based on the in-state activities of its wholly owned subsidiary. A subsidiary's actions are not imputed to its parent for purposes of personal jurisdiction absent a "piercing of the corporate veil." Id. at 80. There is a "presumption of corporate separateness that must be overcome by clear evidence that the parent in fact controls the activities of the subsidiary." Cruz, 619 F.2d at 905. Ordinarily, courts respect the legal independence of a corporation and its subsidiary when determining if a court's jurisdiction over the offspring begets jurisdiction over the parent. Giuliano, 938 F. Supp. at 80. That a parent owns all of a subsidiary's stock and even maintains control incident to stock ownership does not justify ignoring the separateness of the two absent a showing that the parent exercised the type of control "necessary to ascribe to it the activities of the subsidiary. Cruz, 619 F.2d at 905, citing de Walker v. Pueblo International, Inc., 569 F.2d 1169, 1173 (1st Cir. 1978). As the Court in Cruz noted:

> It may be very true that the parent ultimately reaps the benefits of the subsidiary's business but such is always the case when all the stock evidencing ownership in a corporation controlled by the same entity. While this would support proof of a close business relationship it does not, without more, demonstrate that corporate forms were entirely disregarded.

Id.

Here, there are no allegations that piercing the corporate veil is warranted and, in fact, there would be no basis for such allegations, as the threshold for piercing the corporate veil in Massachusetts is high. In My Bread Baking Co. v. Cumberland Farms, Inc., 233 N.E. 2d 748 (Mass. 1968), the Supreme Judicial Court made clear that piercing the corporate veil will only be permissible in the following circumstances:

> (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or
>
> (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disegard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.

Id. at 752.

Applying the My Bread rule, the Giuliano court found that there was no basis for piercing the corporate veil between parent and subsidiary even though there was some intermingling of officers and some evidence that officers of the parent corporation had exercised some control over the subsidiary's activities. There was no adequate showing of "pervasive control" by officers of parent corporation and no evidence that the parent corporation's participation produced fraud or injustice. The Giuliano court underscored that to justify piercing the corporate veil based on the first prong of the My Bread test, there would have to be evidence that the impermissible intermingling of corporations provided cover for or otherwise was an element of the fraud or injustice. Giuliano, 938 F.Supp. at 82.

Here, as in Cruz and Giuliano, the allegations fall far short of showing that the corporate forms were entirely disregarded. Prada has not shown any of the traditional factors considered in determining whether to pierce the corporate veil. It has not shown or even alleged insufficient capitalization, nonobservance of corporate formalities, nonpayment of dividends, insolvency of the corporation at the time of the litigated transaction, siphoning of corporate funds by the dominant shareholders, nonfunctioning

of officers and directors other than the shareholders, the absence of corporate records, use of the corporation for transactions of the dominant shareholders and use of the corporation in promoting fraud.  See Pepsi-Cola Metropolitan Bottling Co. v. Checkers, Inc., 754 F.2d 10 (1st Cir. 1985).

Indeed, the Complaint's only basis for asserting personal jurisdiction over Odimo is the conclusory allegation that Odimo "does business under the name Ashford.com" and the allegation that "Odimo is the listed registrant of the Ashford.com website" – allegations which do little to show even a close business relationship, much less the necessary disregarding of corporate forms.

Moreover, as in Giuliano, an assertion of personal jurisdiction over Odimo would be unconstitutional under the three-part test utilized by the First Circuit.  Phillips Exeter Acad., 196 F.3d at 288.  Prada cannot show either that the underlying action is related to any conduct of Odimo in Massachusetts or that Odimo has purposefully availed itself of the benefits and protections of the laws of Massachusetts.  See id.  In this case, the cause of action is related to the alleged acts of *Ashford*, not to Odimo's holding of Ashford, who alone sells the disputed items in Massachusetts.  See Giuliano, 938 F. Supp. at 81 (dismissing for lack of personal jurisdiction over parent corporation and stating that the cause of action was related to the acts of the offspring corporation and not the parent's purchase and ownership of them).  Because Prada has failed to make this threshold showing, the Gestalt factors need not be considered.  However, many of the factors discussed below that militate in favor of transfer, pursuant to 28 U.S.C. § 1404 (a), also show the unreasonableness of personal jurisdiction over Odimo in

Massachusetts. For these reasons, the Court should dismiss Prada's allegations against Odimo Incorporated.

## II. To the Extent This Case Is Not Dismissed, It Should Be Transferred to the Southern District of Florida under 28 U.S.C. § 1404 (a).

Section 1404(a) of Title 28 of the United States Code provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.

As an initial matter, personal jurisdiction and venue are appropriate in Florida because all of the Defendants reside therein.

Other factors which militate in favor of transfer to Florida, if the action is not dismissed as to at least Odimo and Alan Lipton, are set forth below[3]:

### A. The Convenience of the Parties and Witnesses, the Relative Ease of Access to Sources of Proof, and the Cost of Obtaining Willing Witnesses

Odimo is a Delaware corporation having its principal place of business in Sunrise, Florida. Odimo's officers and employees who would serve as witnesses in this matter are located in and around Sunrise, Florida. The only known material witnesses outside of the Sunrise, Florida area are Prada employees, who are located in Luxembourg, not Massachusetts, and possibly actual purchasers of the allegedly infringing items, none of whom are located in Massachusetts. The records and documents pertaining to the purchase and sale of the allegedly counterfeit items are located in Sunrise, Florida. Given the location of witnesses and documents, it would

---

[3] These factors are derived from Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981), cited in, e.g., Atari v. United Parcel Sevice, Inc., 211 F.Supp. 2d 360 (D. Mass. 2002) (transferring case from Massachusetts to New Jersey).

make little sense to burden a parent company with no direct contacts in Massachusetts to travel to Massachusetts to litigate a dispute with a Luxembourg corporation, also with no offices in Massachusetts.  Moreover, given that Prada is located in Luxembourg, it would not be inconvenienced by having this dispute litigated in Florida, rather than Massachusetts.  Indeed, maintaining the case in this Court would be a waste of time and money for both sides.

> B.  The Forum State's Interest in Adjudicating the Dispute

Massachusetts has no particular interest in adjudicating this trademark dispute. Prada could simply re-file this action in the Southern District of Florida, which routinely adjudicates trademark disputes, just as this Court does.  Florida, indeed, where three of the parties reside, and where most of the relevant evidence is located, has a greater interest in adjudicating this dispute and resolving the rights of its citizens than Massachusetts, where no party resides.

While the Massachusetts action includes a related claim under Massachusetts statutory law, this claim arises out of the same facts as the federal claims and includes similar legal analyses such that whichever party prevails under the federal claims should also prevail under the common law and state claims.  See Sebago Lake Camps, Inc. v. Simpson, 434 A.2d 519, 522 (Me. 1981) (resolving Maine Deceptive Trade Practices Act claim through Lanham Act analytical framework and citing President and Trustees of Colby College v. Colby College-New Hampshire, 508 F.2d 804 (1st Cir. 1975)).  Thus, a federal court in Florida would be sufficiently familiar with federal law and common law to resolve any issues under Massachusetts law, given the similarity of

the analyses. There are no problems relating to conflicts of law. Accordingly, this factor favors dismissal of the Massachusetts action.

### C. Practical Problems Associated with Trying the Case Most Expeditiously and Inexpensively

A Florida federal court could provide as timely and effective relief to Prada, which is seeking a nationwide injunction and monetary damages, as a Massachusetts federal court. Indeed, according to the Judicial Caseload Profiles put out by the Administrative Office of the U.S. Courts, the median time from filing to disposition of civil cases is 6.3 months in the Southern District of Florida versus 10.7 months in the District of Massachusetts. The median time from filing to trial of civil cases is 18.3 months in the Southern District of Florida versus 28.5 months in Massachusetts for the 12-month period ending September 30, 2003.

### D. Any Local Interest in Having Localized Controversies Decided at Home

Both Massachusetts and Florida have an interest in preventing consumer confusion and enforcing trademark rights. However, the situs of discoverable evidence should be considered in the interest of justice calculus because the interest of justice is served by employing a court to supervise ongoing discovery in its own state. See, e.g., Glamorgan Coal Corp. v. Ratners Group PLC, 854 F. Supp. 436, 438 (W.D. Va. 1993). Most of the evidence lies in Florida. Therefore, this factor weighs against the pendency of this action in Massachusetts.

### III.     Conclusion

For the foregoing reasons, this case should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(2) for lack of personal jurisdiction, and, to the extent it is not dismissed, transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404 (a).

                                            Respectfully submitted,

                                            ODIMO, INC., ASHFORD.COM, INC., and
                                            ALAN LIPTON,

                                            By their attorneys,

                                            /s/ Vinita Ferrera_____
                                            Mark G. Matuschak (BBO # 543873)
                                            Vinita Ferrera (BBO #631190)
                                            Wilmer Cutler Pickering Hale and Dorr LLP
                                            60 State Street
                                            Boston, Massachusetts   02109
                                            Ph. (617) 526-6000
                                            Fax (617) 526-5000

Of counsel:

Samuel I. Burstyn, Esq. (FL Bar No. 0216746)
Jed R. Friedman, Esq. (FL Bar No. 337500)
SAMUEL I. BURSTYN, P.A.
One Biscayne Tower
Two South Biscayne Boulevard
Suite 2600
Miami, Florida 33131
(305) 373-0444 - telephone
(305) 373-6444 - facsimile

Dated:  August 13, 2004

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by fax and/or U.S. mail on August 13, 2004 to:

Mark Schonfeld, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110

                                                /s/ Jed R. Friedman_____
                                                    Jed R. Friedman

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 04-10519-DPW

PRADA S.A.

    Plaintiff,

v.                                                    Case No.: 04 10519 DPW

Odimo, Inc., Ashford.com, Inc. and
Alan Lipton,

    Defendants.
_____/

### DECLARATION OF ALAN LIPTON

I, Alan Lipton, declare:

1. I have personal knowledge of the matters stated in this declaration.

2. I am a resident of Florida and do not reside in Massachusetts.

3. I do not have a place of business in Massachusetts.

4. I do not own or lease property in Massachusetts.

5. I do not have any bank accounts or securities in Massachusetts.

6. I do not have any employees or agents residing in Massachusetts.

7. I am the President and Chief Executive Officer of Defendants Odimo Incorporated ("Odimo") and Ashford.com, Inc. ("Ashford") and provide this declaration in my individual and corporate capacities.

8. Ashford is a Delaware corporation located in Sunrise, Florida.

9. Odimo is a Delaware corporation located in Sunrise, Florida.

10. Neither Ashford nor Odimo owns or leases any property in Massachusetts.

11. Neither Ashford nor Odimo owns bank accounts or securities in Massachusetts.

12. Neither Ashford nor Odimo has any employees or agents in Massachusetts.

13. Neither Ashford nor Odimo has a telephone number or post office address in Massachusetts.

14. Ashford is an online retailer of high-end luxury items, including jewelry, handbags, home accents, sunglasses, fragrances, and pens, at discount prices.

15. Ashford is a wholly owned subsidiary of Odimo.

16. All sales to the public are through Ashford, not Odimo. Odimo does not directly sell any products to any companies or individuals located in Massachusetts, or elsewhere.

17. Odimo does not have an Internet presence in Massachusetts.

18. Neither Ashford nor Odimo has any suppliers in Massachusetts.

19. All of Ashford's and Odimo's officers and directors are located in the vicinity of Sunrise, Florida.

20. Neither Ashford nor Odimo store or maintain inventory outside of Florida.

21. Odimo's and Ashford's records relating to the purchases, sales, distribution, selection, and chain of custody of the allegedly infringing items are located in and around Sunrise, Florida, and not in Massachusetts.

22. Odimo's and Ashford's witnesses most knowledgeable about Odimo's and/or Ashfords purchases, sales, distribution, and selection of the allegedly infringing items are located in and around Sunrise, Florida, and not in Massachusetts.

23. Odimo and Ashford maintain separate records, budgets, and work forces.

24. I do not have personal specific involvement in the decision to sell the allegedly counterfeit items in Massachusetts.

25. I do not personally operate the ashford.com website.

26. I do not personally transact business in Massachusetts related to sales of the allegedly infringing items in Massachusetts, nor do I personally engage in continuous and systematic activity within Massachusetts.

27. None of the allegedly infringing items purchased and identified by the Plaintiffs or their investigator or agents were purchased in Massachusetts.

I declare under penalty of perjury under the laws of the State of Florida and the United States that the foregoing is true and correct and that this declaration was executed in Sunrise, Florida.

DATED: 8/11/2004

ALAN LIPTON